In the Matter of the Claim of FELIX WELKA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, January 31, 1974.

*Louis J. Lefkowitz, Attorney-General* (*Frederick M. Paola, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed June 11, 1973, which disqualified claimant from receiving benefits effective July 1, 1972 because he voluntarily left his employment without good cause.

This is another in the series of cases involving employees of the Federal postal service who have retired in response to a management request made during a reduction in force. Here, appellant retired on June 30, 1972 after 24 years of service pursuant to a memorandum issued by the Postmaster General on June 5, 1972 offering any eligible employee who retired by June 30 an additional 4.8% in his retirement annuity. It is not disputed that the claimant was not required to resign, that he could have worked many more years, and he could have achieved the 4.8% increase in his annuity by working an additional six months. It also appears that after initially categorizing claimant's separation as involuntary, the Federal agency, on reconsidered findings, reported that this classification was for determining eligibility for discontinued service retirement, and that claimant submitted his resignation voluntarily. The board rejected various other reasons put forth as justifications for leaving, and concluded " that the claimant voluntarily left his employment solely to take advantage of the Postmaster General's offer of June 5, 1972, which is a personal, noncompelling reason " so as to constitute a voluntary leaving of employment without good cause.

In our view, the board was not entitled to consider other criteria once it decided, as it was required to do on the record before it in this case, that the claimant had " co-operate[d] with the employer's objective of reducing the work force by accepting early retirement " (*Matter of Barash* [*Levine*], 43 A D 2d 778, 779). As we have previously held, an employee who co-operates with this objective " should be entitled to the same

benefits as those who lost the position by a reduction in force, or by abolishment of their position '' (*Matter of Sier [Levine]*, 42 A D 2d 207, 210). Under these guidelines, the present claimant, as was the claimant in *Matter of Barash* (*supra*), is clearly entitled to benefits.

The decision should be reversed, and matter remitted for further proceedings not inconsistent herewith, without costs.

COOKE, J. (concurring). I concur in the result for the reasons stated in *Matter of Laskowitz* (*Levine*) (43 A D 2d 779).

HERLIHY, P. J. (dissenting). I adhere to my dissent in *Matter of Fisher* (*Levine*) (43 A D 2d 753); see, also, *Matter of Aronowitz* (*Levine*) (43 A D 2d 779) and *Matter of Laskowitz* (*Levine*) (43 A D 2d 779).

SWEENEY and KANE, JJ., concur with GREENBLOTT, J.; COOKE, J., concurs in a separate opinion; HERLIHY, P. J., dissents and votes to affirm in an opinion.

Decision reversed, and matter remitted for further proceedings not inconsistent herewith, without costs.